1839.

PLET
v.
BOUCHAUD.

---

### PLET v. BOUCHAUD.

The staleness of a known demand, creates a suspicion against it. Where a principal witness has promoted a stale claim (eleven years old) and his hostility to the defendant is apparent, his testimony will be far outweighed by an answer fairly responsive to the bill.

*Nov.* 26, 1839.

*Debtor and Creditor.*
*Stale Demand.*
*Evidence.*
*Witness.*

Louis Plet, a colored man and the father of the complainant, had had business transactions with the defendant, Joseph Bouchaud; and in the year one thousand eight hundred and twenty-two, a settlement of accounts took place between them. Louis Plet died in the year one thousand eight hundred and twenty-three, and devised whatever estate he possessed to Jane Rose, who had been induced to assign all claim and right in the matter embraced by this suit to the complainant. The complainant insisted that, when there was such settlement, the defendant took certain property coupled with a trust; and the former claimed an accounting. The defendant, in his answer, set up the settlement in 1822, and that Louis Plet surrendered the possession and all further claim to such property; this was particularly set forth in the answer.

It appeared that one Dias (who had had litigation with the defendant Bouchaud) was the originator of the present suit, and the main witness; and from the course the evidence took, witnesses had to be called to sustain his general character for veracity.

The case came before the court on pleadings and proofs.

Mr. *John Greenwood*, for the complainant.

Mr. *Edward Sandford*, for the defendant.

THE VICE-CHANCELLOR :—The main point in this case is, whether the relation of debtor and creditor or mortgagor and mortgagee continued after the year one thousand eight hundred and twenty-two. The delay to assert this claim from the death of Louis Plet in one thousand eight hundred and twenty-three, until one thousand eight hundred and thirty-four, when the bill was filed, rendering it a stale demand, is, of itself, suspicious. It is in vain for his representatives to say they were not aware of it, since the members of his family have endeavored to prove the dying declarations of Louis Plet, that he had been wronged by the defendant who justly owed him some thousands of dollars. And the suspicion of its being a mere experimental suit is much strengthened, when the manner in which it has been got up, and motive and instigations are considered. It is very evident but that for Mr. Dias and his hostility of feeling towards the defendant, the suit would never have been heard of. He is, confessedly, the promoter of this litigation in which he appears, also, as the principal witness against the defendant. What was said by the chancellor in *Ward* v. *Van Bokkelin*, 2 Paige's C. R. 289, about the purchase of choses in action, for the purpose of a litigation, may not be very inapplicable here.

But, in regard to the merits of the claim itself. The answer, which appears to me to be fairly responsive to the calls of the bill, denies the existence of any trust or relation of debtor and creditor since June, one thousand eight hundred and twenty-two, when, it shows, a settlement took place between the defendant and Louis Plet, and when the latter surrendered the possession and all further claim to the property; and the particulars of this settlement out of the payments made by the defendant to Plet, are stated. So far, even Dias agrees with what is said in the defendant's answer; but Dias says, and here is the essential difference, that the defendant was to sell the property on Plet's account, and that there was still a trust. All the circumstances, however, speak a different language; the documentary evidence is against it, and, taken in connection with the defendant's pos-

itive answer, far outweigh, in my estimation, the testimony of so busy and feeling a witness as Dias.

It would be unjust at this late day, to compel the defendant to submit to an accounting; and even if he were required to do so, I do not perceive that the complainant could hope to gain any thing by it from the state of the accounts as exhibited, and the condition of the property, and its results as disclosed in the testimony.

I must dismiss the bill, with costs.