| 27 | 65 |
|----|----|
| 97 | 543 |

</div>

## THE PEOPLE v. THOMAS BLACKWELL.

PRESENTMENT OF INDICTMENT. — It will be presumed that an indictment was presented to the Court by the Foreman of the Grand Jury, and in their presence, although that fact is not indorsed on it, if the record of the Court shows nothing to the contrary.

COUNTY COURTS. — County Courts are Courts of general criminal jurisdiction, and as such all intendments are in favor of the regularity of their proceedings.

ASSISTANT COUNSEL FOR DISTRICT ATTORNEY. — Whether the District Attorney should be allowed associate counsel to aid him in the management of a case is a matter resting in the discretion of the Court, and where there is no abuse of that discretion the appellate Court will not interfere.

EVIDENCE THAT WITNESS EMPLOYED ASSOCIATE COUNSEL.—If the District Attorney is assisted by associate counsel in the prosecution of a criminal case, counsel for the defense have a right to ask the prosecuting witness if he has employed such associate counsel.

APPEAL from the County Court, San Joaquin County.

The facts are stated in the opinion of the Court.

*Tyler & Cobb*, for Appellant.

The Court erred in refusing to set aside the indictment upon motion of defendant, upon the grounds stated in the motion. (Criminal Practice Act, Secs. 233, 278.)

Every fact necessary to give the Court jurisdiction should appear affirmatively in the record. It nowhere appears in the record that the indictment was presented to the Court by the Foreman of the Grand Jury, in the presence of the Grand Jury. Without being *in fact* so presented, the Court would have no jurisdiction to try it. If it was necessary that the *fact* should

exist, it is most certainly just as necessary that the record should show the fact. Nothing will be presumed in favor of the jurisdiction of the Court. When jurisdiction is once acquired, then the rule is different. (*Powers* v. *The 'People*, 4 John. 292.)

The Court erred in refusing to allow defendant to ask the prosecutrix, upon cross examination, if she had employed Messrs. Budd & Carr, and Messrs. Heslep & Jenkins, to assist the prosecution of the defendant.

We had a right to the testimony upon two grounds: First—Because it is always competent to inquire of counsel at whose instance he appears as such, and *a fortiori* to inquire of the client as to whether counsel appears for him or at his request. Second—Because it went to the credibility of the witness' testimony. If she felt such an interest in the conviction of defendant as to hire the assistance of two eminent legal firms to assist the District Attorney in procuring a conviction, defendant, had a right to show that fact, as a circumstance going to her credibility.

*J. G. McCullough, Attorney-General,* for the People.

Upon motion to set aside indictment, we cite Criminal Practice Act, Sec. 233. Don't require the indictment to *show* the presentation, etc. (*People* v. *Connor*, 17 Cal. 361 ; *People* v. *Hobson*, 17 Cal. 429, 363; Criminal Practice Act, Sec. 247 ; *People* v. *Mills*, 17 Cal. 277 ; *People* v. *Lawrence*, 21 Cal. 372.)

Upon the refusal of the Court to allow the prosecuting witness to be asked if she had employed associate counsel, we cite 1 Wharton Crim. Law, Sec. 474, etc.; *Byrd* v. *State*, 1 How. Miss. 250 ; *Jarragin* v. *State*, 10 Yerger, 530 ; *Rush* v. *Cavanaugh*, 2 Barr. Pa. 189.

By the Court, SHAFTER, J.

Indictment for rape. Verdict—Guilty of assault with intent to commit a rape.

1. After arraignment the defendant moved the Court to set

aside the indictment on the ground " that it does not show by the proper indorsement that it was presented to the Court by the Foreman of the Grand Jury and in their presence." The motion was overruled, and the defendant excepted.

The indorsement was as follows:

" Presented and filed in open Court, this 14th day of March, A. D. 1864.

"H. E. HALL, County Clerk."

The exception is not well taken. It may be admitted that it is a matter of jurisdictional consequence that an indictment should in fact be presented by the Foreman of the Grand Jury and in their presence, but that the indictment in question was so presented will be presumed, inasmuch as the record shows nothing to the contrary. The Criminal Practice Act prescribes no form of indorsement. County Courts, under the late amendments to the Constitution and the Act of April 20, 1863, passed in pursuance thereof, are Courts of general criminal jurisdiction, and as such all intendments are in favor of the regularity of their proceedings. (*People v. Connor,* 17 Cal. 361; *People v. Robinson,* 17 Cal. 368; *People v. Hobson,* 17 Cal. 424; *People v. Lawrence,* 21 Cal. 372.)

2. It appears from the record that the Court, by the request of the District Attorney, permitted other counsel to assist him at the trial. Before the trial commenced, however, the counsel of the appellant moved the Court to vacate the order. The motion was overruled and the defendant excepted.

It appears that the District Attorney had the active superintendence and management of the case during the progress of the trial. Whether the State, through him, should be allowed to avail itself of additional professional aid, was a matter addressed to the discretion of the Court, and there is nothing in the record showing that the Court abused its discretion in granting the request of the attorney. (*Commonwealth* v. *Williams,* 2 Cush. 582.)

3. On the cross examination of the prosecutrix, defendant's counsel asked the witness if she had employed Budd & Carr

and Heslep & Jenkins to assist the District Attorney in the prosecution. The District Attorney objected to the question, on the ground that the proof was incompetent. The objection was sustained and the defendant excepted.

We cannot determine, nor is it either necessary or proper for us to inquire, what, if any, effect an affirmative answer to the question would have had on the minds of the jury. The defendant had a right to ask the question. If a witness retain counsel in a case to which he is not a party, and in the result of which he has no interest, it is a fact going to the credibility of the witness. The witness may have thus interposed on considerations of humanity, or of public justice, or he may have been influenced by private grudge; but the party against whom the witness is produced is always entitled to inquire of the witness as to the fact, and, if admitted, it goes to the jury for whatever it is worth; and such explanation of motives as the witness may give for his action goes with it. (1 Greenl. Ev. Secs. 449, 450; *Baker* v. *Joseph*, 16 Cal. 173.)

Judgment reversed and cause remanded for further proceedings.