PEOPLE, Respondent, v. TIMOTHY LYNCH, Appellant.

No. 1715; August 11, 1868.

District Attorney—Assistance by Other Attorneys.—The statute prescribing the duties of the district attorney does not, either expressly or by implication, prohibit the court from allowing other attorneys to assist that officer in prosecuting persons charged with crime.

Attorney General for respondent; Tyler & Hambleton for appellant.

SAWYER, C. J.—There is nothing in the action of the court allowing Mr. Porter to assist the district attorney, and to take the most active part at the trial in the prosecution of the case, to justify a reversal of the judgment. The matter was one for the sound discretion of the court. The statute referred to by appellant is simply a statute prescribing the duties of the district attorney. It does not expressly, or by implication, prohibit the court from allowing other attorneys to aid the district attorney in the prosecution of parties charged with crimes. The practice, also, very generally prevails, and doubtless the ends of justice are often subserved by such assistance.

We think the testimony of the accomplice corroborated by other evidence tends strongly to connect the defendant with the commission of the offense, and that the verdict of the jury is justified by the evidence. The very facts about which appellants' counsel admits there is no dispute are corroborative facts having such tendency. We see no good ground for disturbing the verdict. The judgment must be affirmed, and it is so ordered.

We concur: Sprague, J.; Crockett, J.

SANDERSON, J.—I agree with the chief justice in holding that it was within the discretion of the court below to allow Mr. Porter to assist the district attorney in the prosecution of the case. Upon that point I think the case of People v. Blackwell, 27 Cal. 65, is conclusive. But after a careful examination of all the testimony I have been unable to find any evidence which in my judgment tends to connect the defendant with the commission of the offense, within the meaning of the three hundred and seventy-fifth section of the Criminal Practice Act, except the testimony of the accomplice, Casey, and for this reason I think the order of the court below denying a new trial should be reversed and a new trial granted.