[No. 20,024. In Bank.—April 29, 1885.]

# THE PEOPLE, RESPONDENT, v. LEE AH CHUCK, APPELLANT.

CRIMINAL LAW—PRELIMINARY EXAMINATION—COMMITMENT—DEPOSITIONS—FIL-
ING INFORMATION.—The defendant was arrested, and carried before the police
judge's court of the city and county of San Francisco, upon a complaint
charging him with an assault with intent to commit robbery. After the pre-
liminary examination, the police judge indorsed on the depositions taken be-
fore him the following: "It appearing to me by the testimony of the within
witness that the offense herein mentioned has been committed, and that there
is sufficient cause to believe the within named Lee Ah Chuck guilty thereof,
I order that he be held to answer the same," etc. After this indorsement the
police judge added, "charge of felony, to wit, attempt to rob." Held, that
the commitment was regular, and for the offense appearing by the deposi-
tions to have been committed, and that the district attorney was authorized
to prosecute by information for the offense so appearing.

ID.—DISTRICT ATTORNEY—DESIGNATION OF OFFENSE BY MAGISTRATE.—The dis-
trict attorney may proceed by information against a defendant, for any
offense appearing by the depositions taken on the preliminary examination
to have been committed ; he is not confined to filing an information for the
offense designated by the magistrate.

ID.—FAILURE TO RETURN DEPOSITIONS.—If the depositions are not returned, the
district attorney must proceed by information for the offense designated
by the magistrate.

ID.—ORDER OF COMMITMENT—COMPLAINT.—In the order of commitment the
police judge found that "the offense, as charged in the complaint, felony,
to wit, attempt to commit robbery, has been committed." The complaint
charged an assault with intent to commit robbery. Held, that the order
should be construed as a finding that the offense charged in the complaint
had been committed.

ID.—EVIDENCE—FACTS OCCURRING SUBSEQUENT TO OFFENSE.—In a criminal
prosecution, evidence of incidents occuring subsequent to the day on which
the offense was alleged to have been committed is admissible, when such
facts relate to a transaction which partly occurred on the day of the commis-
sion of the offense.

ID.—CROSS-EXAMINATION—HOSTILITY OF WITNESS.—The defendant in a crim-
inal case is entitled to cross-examine a witness for the prosecution, for the
purpose of showing his hostility to the accused; and the refusal to permit
such cross-examination is error, unless it appear as a matter of law that the
answers of the witness to the questions asked could have no tendency to
show bias on his part.

ID.—IMPEACHMENT OF WITNESS—CONTRADICTORY STATEMENTS.—Evidence that
a witness for the prosecution made statements in his examination before
the police court different from those made on the trial, is admissible for the
purpose of impeachment.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco, and from an order refusing a new
trial.

The defendant was convicted of an attempt to commit robbery.

The facts appear in the opinion of the court.

*G. E. Harpham,* and *Davis Louderback,* for Appellant.

*Attorney General Marshall,* for Respondent.

THORNTON, J.—The information in this case accused the defendant " of the crime of felony, to wit, an attempt to commit robbery, committed as follows: The said Lee Ah Chuck, Ah Sam and Ly Cheung, on the twenty-third day of January, eighteen hundred and eighty-three, at the said city and county of San Francisco, in and upon one Chun Chuen, feloniously and with force and violence did make an assault, with intent the money, goods and chattels of the said Chun Chuen from the person and immediate presence and against the will of him, the said Chun Chuen, then and there feloniously and by force, violence and intimidation to rob, steal, take and carry away, contrary to the form," etc.

The defendant, prior to this information, had been arrested and carried before the police judge's court of the city and county of San Francisco, upon a sworn complaint charging the defendant with the same offense as that set forth in the above information.

After the preliminary examination, the following indorsement was made on the depositions taken in the court just above named, by the police judge:

"It appearing to me by the testimony of the within named witnesses that the offense herein mentioned has been committed, and that there is sufficient cause to believe the within named " Le Ah Chuck guilty thereof, I order that he be held to answer the same, and that he be admitted to bail, etc.

The police judge, in making this indorsement after prefixing the title of the case, adds " charge of felony, to wit, attempt to rob."

The defendant moved in the court below, on the showing above stated, to strike out the information, on the ground that he had been committed by the police judge for the offense of an attempt to commit robbery, while the information charged him with a different offense, viz, an assault with intent to commit robbery. That the information is contrary to law, for the reason that it charges an offense other than that for which he was held to answer and committed.

The statute provides for a preliminary examination of the defendant prior to his being committed and held to answer. (Penal Code, §§ 858, 859, 860, *et seq.*) The testimony of each witness, in cases other than that of homicide, is to be reduced to writing, upon the demand of the prosecuting attorney or the defendant, or his counsel. (Penal Code, § 869.) This appears from the indorsement to have been done.

By section 872 of the same code it is provided as follows:

" If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, the magistrate must make or indorse on the deposition an order, signed by him, to the following effect : It appearing to me that the offense in the within depositions mentioned (or any offense according to the facts, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within-named A B guilty thereof, I order that he be held to answer to the same, and committed to the sheriff of the county of —."

These depositions, the warrant if any, etc., are required to be returned by the committing magistrate to the clerk of the court at which the defendant is required to appear. (Penal Code, § 883.)

The court is of opinion that the police judge, in his indorsement, refers to the offense which the depositions of the witnesses show has been committed. The word " testimony," used by the police judge in his indorsement on the depositions refers to the depositions which he took, and which he was required to and no doubt did return, as provided by law. The word " testimony," is used as a synonym for " depositions." The indorsement required by section 872 refers to the " offense in the within depositions mentioned," as appearing to have been committed, that is, appearing by the depositions to have been committed. The words in the parenthesis, in section 872, are directory to the committing magistrate. He may adopt them or not. Here he did not adopt them, but referred to the testimony or depositions, as showing what offense appeared to have been committed. The defendant was committed, then, for the offense appearing in the depositions, and the defendant might be accused by information of the offense so appearing. (Penal Code, § 809.)

We think that there is nothing in the provisions of the statute just referred to in conflict with section 8, article i, of the constitution. The guarantee of an examination and commitment by a magistrate, before a party can be prosecuted by information, has been complied with in this case. The commitment being for the offense appearing by the depositions to have been committed, the district attorney is authorized to prosecute by information for the offense so appearing. Nothing appearing to the contrary, we must assume that the magistrate performed the duty of him required by law, and returned the depositions, and that they showed that the offense of which the defendant was accused by information appeared to have been committed.

We find no error in the ruling of the court denying the motion of defendant to strike out the information.

If, however, the committing magistrate in this case referred by the word " *herein* " to the statement of the offense which he has inserted just under the title of the cause in the indorsement above mentioned, we are of opinion in such case that the district attorney is not confined to filing an information for the offense so designated by the magistrate, but that he may proceed by information against the defendant for any offense appearing by the depositions to have been committed, and that such procedure would have been in accordance with the statute, and not in violation of the provision of the constitution above referred to. When the testimony of the witnesses has been taken and returned by the magistrate, the judgment of the district attorney must be exercised on the testimony; and if such testimony shows an offense other than that designated by the magistrate to have been committed, the procedure by information for such other offense is in accordance with law. The district attorney is not controlled, in such circumstances, by the mistaken designation of the offense by the magistrate. The commitment referred to in the constitution is the sending a person charged with an offense to prison to await his being held to answer, and not the warrant or *mittimus* by which such person is sent to prison. The substitute for the tribunal which finds the indictment is not the proceeding before the committing magistrate alone, but that, with the superadded discretion of the district attorney.

If the depositions are not returned, the district attorney must proceed by information for the offense designated by the magistrate, for the reason that there is no testimony on which he can exercise his judgment. The rule above laid down refers to a case where the depositions are returned to the proper office.

Our attention is also called to an order made by the police judge on the examination before him, in which the following is stated :

" In this action the defendants personally present. The court having taken this matter under advisement, finds that the offense as charged in the complaint, felony, to wit, attempt to commit robbery, has been committed," and that there is sufficient cause to believe the defendants (Lee Ah Chuck being named as one of them) guilty; therefore, etc., they are ordered to be held to answer, etc., etc.

The order refers to the complaint, and the complaint distinctly charges the defendants with an assault with intent to commit robbery. The complaint being thus referred to, as it charges the offense just above mentioned, it is a just and proper construction of the order that it referred to the offense stated in the complaint, and that the complaint ought to control, and not the general words in the order that the offense is " felony, to wit, attempt to commit robbery." This adds force to the view taken of the indorsement. Under these circumstances we do not think it fair to hold that the police judge, either in the order or indorsement, referred to any other offense than that stated in the complaint, or appearing from the depositions returned.

We find no error in allowing the prosecution to give evidence of the facts occurring on the 24th and 25th of January, 1884, though the information stated that the offense was committed on the 23d of the same month. The evidence offered, of incidents occurring on the days mentioned, related to the same transaction, which embraced facts occurring on the 23d. All of these matters occurred before the filing of the complaint, and were indeed parts of the same transaction.

The information was sufficient. The facts stated therein constituted a public offense. The demurrer to the information was therefore properly overruled.

The motion in arrest of judgment has been disposed of adversely to defendant's contention, by what is said above.

The following questions were put to the prosecuting witness on cross-examination, to show bias on his part; were excluded on objection of the prosecution, and exceptions reserved:

"Did you not go to the prosecuting attorney in this city and county, and first cause this party to be arrested upon the charge of sending a threatening letter?

"Did you not cause this defendant to be arrested on the charge of sending a threatening letter, and after that was disposed of and dismissed, did you not cause him to be arrested on this charge?

"Did you not first cause him to be arrested for sending a threatening letter—that is, the letter that has been introduced in evidence in this case—and when that case was disposed of and dismissed, did you not then cause him to be arrested on this charge of assault with intent to commit robbery?

"And then didn't you go to the prosecuting attorney in this case, in the police court of this city, and obtain a warrant against this defendant on the charge of sending a threatening letter?

"Did you not first cause him to be arrested for sending a threatening letter—this letter that has been introduced in evidence in this case—and then when that case had been disposed of and dismissed, did you not cause him to be arrested on this charge of assault with intent to commit robbery?"

These questions had a tendency to show feeling in the prosecution of the offense by the witness, and should have been allowed. Whatever weight the evidence might have was for the jury. The court below was not justified in not allowing these questions to be answered, unless it could be said, as a matter of law, that they had no tendency, if answered in the affirmative, to show bias on the part of the witness. That could not have been declared of the questions excluded. (See 1 Greenl. Ev., § 450; Wharton's Cr. Ev., §§ 475, 477, 485, and cases cited; *Harper* v. *Lamping*, 33 Cal. 648; *People* v. *Blackwell*, 27 Cal. 67; *Jackson* v. *Feather R. W. Co.*, 14 Cal. 24; *Plet* v. *Bouchaud*, 4 Edw. 30.)

The ruling of the court must have been made on the idea that the questions had no tendency to show bias: of this tendency the jury was the proper judge.

The court erred in not permitting the defendant's counsel to put on cross-examination the questions to the witness Woo Lun, as to what he testified to in the police court. They were admissible to impeach the witness, by showing that he had made statements in his examination before the police court different from those made on the trial.

It follows from the foregoing, that the judgment and order denying a new trial must be reversed, and the cause remanded for a new trial; and it is so ordered.

McKINSTRY, J., MORRISON, C. J., and McKEE, J., concurred.