[No. 20870. In Bank. —November 14, 1891.]

## Ex parte CHRIS NICHOLAS, on Habeas Corpus.

CRIMINAL LAW — GRAND LARCENY — EMBEZZLEMENT — INFORMATION —DIS- MISSAL — CHANGE OF ACCUSATION — PRELIMINARY EXAMINATION — HA- BEAS CORPUS. — Where an information for grand larceny was dismissed by direction of the superior court after a trial by jury resulting in a dis- agreement of the jurors and their discharge, and the defendant was charged in a new information with the crime of embezzlement, which was filed without bringing the defendant again before a committing magistrate for examination, he is not entitled to be discharged upon *ha- beas corpus,* upon the ground that the court denied his motion to set aside the new information because it was filed without any previous examina- tion and commitment upon the charge set forth in the information.

ID. — REFUSAL TO SET ASIDE INFORMATION — ERROR WITHIN JURISDICTION — LEGALITY OF IMPRISONMENT. — The superior court has jurisdiction to hear and determine whatever questions of law or fact are involved in a motion to set aside an information, and its decision refusing to set it aside, although it may be erroneous, is not void, but valid and binding until re-

versed upon appeal; and the error in denying the motion does not make the imprisonment of the defendant illegal in a sense which will entitle him to be discharged, or to raise the question upon *habeas corpus*.

Id. — Commitment by Magistrate — Designation of Offense — Power of District Attorney — Amended Information. — If the committing magistrate should give the offense shown by the depositions a wrong designation in his order of commitment, the district attorney may charge it correctly in the information; and if he should fail to discover and correct the mistake before filing an information, he may, by leave of court, correct it subsequently by withdrawing the first information and filing an amended one, without being first required to go through the vain form of a trial and acquittal before making the amendment.

Id. — Variance — Acquittal — New Information — Power of Court — Mistrial. — The superior court having the power, upon an acquittal of the defendant upon the ground of variance, to order the filing of a new information, it may make such order at an earlier stage of the proceeding when the necessity for it becomes apparent, as in case of a mistrial by a failure of the jury to agree.

Id. — Preliminary Examination — Decision of Trial Court — Presumption. — The decision of the trial court upon a motion by the defendant to set aside the information for embezzlement, that the depositions taken at the examination of the defendant upon the charge of grand larceny justify an information for embezzlement, will, in the absence of a showing to the contrary, be presumed to be correct, and not in excess of its jurisdiction.

Application to the Supreme Court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*N. S. Wirt*, and *John O'Byrne*, for Petitioner.

Beatty, C. J. — The petition filed on behalf of the said Nicholas alleges, in substance, that his detention is illegal, because he has been charged by information with the crime of embezzlement without any previous examination and commitment by a magistrate for such crime, and because the superior court has denied his motion to dismiss the information, which motion, he says, was based upon the ground that said information had not been found and filed according to law.

In my opinion, the petition is upon its face wholly insufficient to justify the issuance of the writ. Construed with the utmost liberality in favor of the petitioner, all that it shows is, that an information has been filed in the superior court charging him with an offense within the

jurisdiction of that court; that he has moved the court, on one of the grounds enumerated in the statute (Pen. Code, sec. 995), to set aside the information, and that the court has erroneously denied his motion.

But the error of the superior court in denying his motion does not make his imprisonment illegal in a sense which will entitle him to be discharged, or to raise the question on *habeas corpus.*

The superior court had *jurisdiction* to hear and determine whatever questions of law or fact were involved in his motion, and its decision, although it may be erroneous, is not *void.* On the contrary, it is valid and binding until reversed on appeal.

But I need not dwell upon this aspect of the case. A writ was issued, a hearing has been had, and the case may now be determined upon the sheriff's return, the petitioner's traverse of the return, and the facts disclosed at the hearing. From these it appears that on the 6th of April, 1891, the petitioner had an examination in the police court of the city and county of San Francisco, on a charge of larceny of property exceeding two hundred dollars in value; that as a result of such examination he was regularly committed upon the charge made; viz., grand larceny. Thereupon, and within due time, an information was filed in the superior court, charging him with the crime of grand larceny. Upon this information he was brought to trial, but the jury failed to agree upon a verdict, and were discharged. After the jury had been so discharged, the district attorney, by direction of the court, dismissed the information for larceny, and, without bringing the petitioner again before a committing magistrate for examination, filed a new information, charging him with the crime of embezzlement.

Upon this state of affairs, the petitioner contends that nis constitutional rights have been violated by the filing of an information without any previous examination and commitment upon the charge set forth in the information.

But this does not appear to us to be so. He has been examined upon a charge which the committing magistrate has denominated larceny, but it may well be that the depositions prove embezzlement. It not unfrequently happens that the facts of a particular case leave it extremely doubtful under which definition the offense falls, — that of larceny or embezzlement; and if the committing magistrate should give it a wrong designation in his order of commitment, that would not prevent the district attorney from charging it correctly in the information. On the contrary, it would be his duty so to do. (*People* v. *Lee Ah Chuck*, 66 Cal. 662; *People* v. *Vierra*, 67 Cal. 231; *Ex parte Keil*, 85 Cal. 312.) And if the district attorney should fail to discover and correct the mistake of the committing magistrate before filing an information, we know of no reason why, under leave of the court, he could not correct it subsequently by withdrawing the first information and filing an amended one. If he did not, the only result would be that the defendant would have to be acquitted on the ground of a variance between the charge as alleged and the proofs offered to sustain it, in which case the statute expressly imposes upon the court the duty of ordering the detention of the defendant, to the end that a new information or indictment may be preferred. (Pen. Code, sec. 1165.)

But surely it could never be held that the court and the district attorney, although they can clearly see from an inspection of the depositions that a trial of the defendant on the information as framed can only result in his acquittal on the ground of variance, must nevertheless go through the form of a trial and acquittal in order to bring the case within the literal terms of section 1165, before making the amendment that is inevitable in the end in order to prevent a ridiculous miscarriage of justice. Courts, even in criminal proceedings, are not rendered quite so impotent as this. *Lex non cogit ad vana*, is a maxim universally applicable.

And again, if the variance between the charge and the proofs is not disclosed until the trial, and if the case

is so doubtful that the court does not become satisfied, until after a failure of the jury to agree, that the information should be corrected in order to avoid a variance (which is the case here), can it be pretended that the power of the court to order the filing of another information is less ample after a mistrial, by a failure of the jury to agree, than it is after they have agreed to acquit? Surely not. It must be true that if, upon an acquittal of the defendant upon the ground of variance, the court may order the filing of another information, it may make such order at any earlier stage of the proceeding when the necessity for it becomes apparent.

The superior court, therefore, did not exceed its power in directing the filing of a new information against this petitioner after the mistrial. Nor does it follow that it was necessary to bring the petitioner again before the committing magistrate for the purpose of a new examination and commitment before filing a new information. If the evidence taken on the first examination was in the possession of the district attorney, — as it must have been, — and was such as to justify an information for embezzlement, it would have been a vain and useless thing to go through the form of taking the same testimony over again, and neither the statute nor the constitution requires that this should be done. The petitioner had been examined once in a manner to conserve all his legal and constitutional rights, and there are neither substantial nor formal grounds for saying that he had not been examined and committed before information filed.

It is true, it does not appear in this proceeding that the depositions taken at the original examination justify the present information, but it is sufficient to sustain our conclusion that they may justify it. The superior court has decided that they do, in passing upon petitioner's motion to dismiss the information, and in the absence of a showing to the contrary, it must be presumed that the ruling was correct.

It does not appear, therefore, that the superior court

has even erred in the ruling complained of, much less that it has in any manner exceeded its jurisdiction.

Writ discharged and prisoner remanded.

DE HAVEN, J., HARRISON, J., and SHARPSTEIN, J., concurred.

PATERSON, J., concurring. — I concur in the order discharging the writ, but am unable to concur in the views expressed by the majority.   Our constitution provides that "offenses heretofore required to be prosecuted by indictment shall be prosecuted by information *after examination and commitment by a magistrate,* or by indictment with or without such examination and commitment, as may be prescribed by law." (Const., sec. 8, art. I.)   It was for a long time claimed by many that the proceeding by information was in conflict with the provision of the fourteenth amendment of the constitution of the United States, that no state should deprive any person of liberty without "due process of law."   The question was finally settled by the supreme court of the United States in the Hurtado case.   (110 U. S. 516.)   It was there held that a proceeding under the provisions of our constitution and Penal Code, resulting in a conviction of murder, was not in violation of any provision of the fourteenth amendment, it appearing that the party convicted had been examined before a magistrate, who, after the accused had been heard (with the aid of counsel and the right of cross-examination of witnesses, whose testimony was reduced to writing), had filed the proper certificate that the offense described in the complaint had been committed, and that there was sufficient cause to believe the accused guilty thereof, and it appearing that the offense charged in the information was the same as that set forth in the affidavits, and for which the accused was committed.   After full consideration of the opinion in that case, and the dissenting opinion of Mr. Justice Harlan, I am satisfied that the supreme court of the United States would hold, in a case like the one before us, that the words "due process of law" neces-

sarily require that the accused, before being put upon trial under an information charging him with felony, must have had the opportunity to be heard, with the aid of counsel and the right of cross-examination, before the committing magistrate examining into the same charge. No other construction of the provision of our constitution, that the information can be filed only "after examination and commitment by a magistrate," can afford any protection to a person accused of a felony. In *People* v. *Parker, ante,* p. 91, I was constrained to concur in the opinion of Mr. Justice Garoutte, because the question had been settled by the decisions of our own court. A review of all the cases, however, will show that they are not entirely consistent; thus while it is held in *People* v. *Lee Ah Chuck,* 66 Cal. 662, that the judgment of the district attorney must be exercised on the testimony found in the depositions, and that he may proceed by information against the defendant for any offense appearing by the depositions, regardless of the judgment of the magistrate, thus exercising judicial functions, it is held in *Ex parte Sternes,* 82 Cal. 248, that the district attorney is a mere ministerial officer, and can exercise no judicial functions whatever, so far as an inquiry into the question of probable cause is concerned. If he is a ministerial officer for one purpose, he is for the other, and it is difficult to see why he has not as much power to disregard the opinion of the magistrate and inquire into the question of probable cause, as he has to determine what offense the evidence shows to have been committed. It is said in *People* v. *Vierra,* 67 Cal. 231, that "it would be a strange requirement which permitted the justice to determine the offense for which the defendant should be prosecuted, instead of the district attorney, who was selected on account of his learning in the law, and especially charged with duties requiring an acquaintance with the criminal law." But it may be that the framers of the constitution thought that it would be safer to intrust the liberty of the citizen and the rights of the people to a judicial officer, selected for the exercise of judicial

functions, than it would be to intrust them to an attorney, employed expressly to prosecute persons charged with crime.    If the framers of the constitution had intended the discretion of the district attorney to be superadded to that of the committing magistrate, it would have been easy to say so.

Under the construction which is given to the provisions of section 1, article VIII., a person charged with grand larceny, and committed by the magistrate for that offense, may be informed against and tried upon that charge, and then, without any further preliminary hearing, upon a charge of robbery, then upon a charge of burglary, then upon a charge of obtaining property under false pretenses, then upon a charge of embezzlement, if it appear from the depositions on the examination upon the charge of grand larceny that witnesses have said anything which would authorize the district attorney to say there had been shown reasonable cause to believe that the defendant had at some time committed such offenses.    A person charged with robbery, after an examination upon that charge alone, may be prosecuted without any preliminary hearing, upon an information for an assault with intent to commit murder, or any other offense, although the question as to whether such offense had been committed by the defendant never arose in the mind of anybody until after he was acquitted on the charge of robbery.    Such, surely, cannot be " due process of law."    A person charged with crime has no right to be heard before the grand jury; that is a tribunal selected from the people, and consisting " of so large a body as to be supposed to be beyond the influence of prejudice or passion, and whose judgment " has for centuries been held conclusive.    While the people have provided an alternative of a more speedy character, they have carefully provided that before a man can be put upon his trial, there must be an investigation before a judicial officer, and the accused must be given the right to be heard by himself and his witnesses, with the aid of counsel.    Of what avail is this right, if, after a hearing

and a determination by the judicial officer selected for that purpose, a mere ministerial officer—and he one employed and paid to prosecute persons charged with crime, and one who we all know is often over-zealous in his efforts to secure conviction — can put a man upon trial for an offense which he has never had an opportunity to meet? (Of course there has been no attempt to unduly press this petitioner, and I refer simply to what may occur.) No one is more desirous of adhering to our own decisions than myself, and if it were a case involving a construction upon which property rights may have been built up, I should not depart from prior decisions; but in a case like this, involving the construction of a provision of the constitution which is intended to preserve the liberty of the citizen, I do not feel bound by what may have been said in prior cases. Furthermore, as this is a question which must ultimately be decided by the supreme court of the United States, it is our duty to follow the decisions of that court as we understand them.

Another point: section 809 of the Penal Code expressly provides that "when a defendant has been examined and committed, . . . . it shall be the duty of the district attorney, within thirty days thereafter, to file in the superior court . . . . an information charging the defendant *with such offense*." If it be true that the district attorney may, after a trial upon the charge for which the defendant has been committed, file an information and put him upon trial for another offense, I think his authority to do so should affirmatively appear.