<hr />

[No. 20944.    Department Two. — March 18, 1893.]

THE PEOPLE, Respondent, v. WILLIAM GILLIS, Appellant.

Criminal Law — Evidence — Cross-examination of Prosecuting Witness — Employment of Associate Counsel. — In a criminal prosecution, it is error for the court to refuse to allow the counsel for the defendant to ask the prosecuting witness, upon cross-examination, whether he had employed an attorney, who was acting as associate counsel for the prosecution.

Id. — Reputation of Defendant — Deposition — Objection to Evidence — Record upon Appeal. — Where, at the taking of a deposition for the defendant, a question was asked as to the general reputation of the defendant "for peace and quiet, and as a law-abiding citizen," and no objection to the question appears to have been made at the taking of the deposition, but an objection to such question, as not being in statutory form, and as incompetent, was sustained at the trial, the ruling will not be reversed upon appeal, where the record is silent as to where the deposition was taken, and as to whether in the presence or absence of counsel for the people.

Id. — Appeal — Presumption — Showing of Error. — Error will not be presumed upon an appeal, but must be affirmatively shown by the record.

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*M. L. Rawson,* and *H. E. Doolittle,* for Appellant.

*Attorney-General W. H. H. Hart,* and *Johnstone Jones,* for Respondent.

SEARLS, C. — The defendant, William Gillis, was prosecuted by information for an assault with a deadly weapon upon the person of one Till Vasquez, and upon trial by a jury was convicted of "simple assault."

Judgment was rendered upon the verdict, imposing a five of two hundred dollars. From the judgment, and from an order denying a motion for a new trial, this appeal is taken. Two errors are assigned by the appellant.

1. At the trial the prosecution was conducted by District Attorney Johnstone Jones, and J. L. Copeland, Esq., as associate counsel. Upon cross-examination, counsel for defendant asked Till Vasquez, the prosecuting witness, the following question: "Have you employed Mr. Copeland in this case?"

The question was objected to as immaterial and irrelevant. Counsel for appellant insisted the question was intended to show the interest of the witness. The court sustained the objection, remarking: "It is presumed the prosecuting witness has interest. I do not think it necessary." This ruling is assigned as error.

It is a well-settled doctrine that in determining the guilt or innocence of one charged with crime, it is proper to inquire of a witness for the prosecution, on cross-examination, whether he has not expressed feelings of hostility towards the prisoner. Questions of like character, tending to show *animus*, are equally proper.

It has been contended that in the case of a prosecuting witness who has been directly injured by the alleged offense, bias and feeling are to be presumed by the jury, and the propriety of permitting or refusing questions of this character should be confined to the discretion of the trial court, and that error assigned upon its action should not be upheld.

In the light of the former rulings of this court, I am not at liberty to consider this distinction.

In *People* v. *Blackwell*, 27 Cal. 66, which was a criminal action, the prosecutrix was asked by defendant's counsel, on cross-examination, "if she had employed

Budd & Carr and Heslep & Jenkins to assist the district attorney in the prosecution." The district attorney objected to the question, on the ground that the proof was incompetent. The objection was sustained, and the defendant excepted. This court, in its opinion reversing the judgment, said: "We cannot determine, nor is it either necessary or proper for us to inquire, what, if any, effect an affirmative answer to the question would have had on the minds of the jury. The defendant had a right to ask the question. If a witness retain counsel in a case to which he is not a party, and in the result of which he has no interest, it is a fact going to the credibility of the witness. The witness may have thus interposed on considerations of humanity or of public justice, or he may have been influenced by private grudge; but the party against whom the witness is produced is always entitled to inquire of the witness as to the fact, and if admitted, it goes to the jury for whatever it is worth; and such explanation of motives as the witness may give for his action goes with it." *Baker* v. *Joseph*, 16 Cal. 173, and 1 Greenleaf on Evidence, secs. 449, 450, are cited in support of the opinion. *People* v. *Lee Ah Chuck*, 66 Cal. 662, and the late case of *People* v. *Thomson*, 92 Cal. 506, are to the same effect.

In the case last cited, a witness for the prosecution in a case of homicide testified, on cross-examination, that "shortly after the shooting he went to the scene of the homicide, and took his rifle with him. Q. 'What did you take your rifle with you for?'" An objection to this question was sustained, and the ruling was held erroneous.

I am of opinion a like conclusion should be reached upon the error assigned in this case.

2. The second error assigned is based upon the action of the court in ruling out the answer contained in a deposition taken on behalf of the defendant.

At the taking of the deposition, counsel for defendant asked the following question: " Do you know what the reputation of William Gillis, the defendant in this

action, is, — that is, what his general reputation is for peace and quiet, and as a law-abiding citizen ? "

It does not appear that any objection was made to the question at the time and place of taking the deposition.

It was objected to, however, at the trial, as not being in statutory form, and as incompetent; the objection was sustained by the court, and the ruling excepted to.

The position taken by counsel for defendant in their brief seems to be, and is, that the deposition in question was taken, by stipulation of counsel, before a notary public, in the presence of counsel for the people and for defendant; that no objection was taken to the question at the time or previous to the hearing, and that it was then too late.

The record is searched in vain for light on this subject. It nowhere appears when, or where, or before whom the deposition was taken; whether within or out of the state; whether in the presence or absence of counsel for the people. In short, there is an entire absence of such a statement as will enable us to form an opinion as to the propriety of the action of the court below.

As error will not be assumed, but must be shown by the record, it must be held that the second error urged is without foundation.

For the reasons given relating to the first error, it is advised that the judgment and order denying the motion for a new trial be reversed, and a new trial ordered.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial ordered.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J