[Crim. No. 154. Second Appellate District.—April 13, 1910.]

THE PEOPLE, Respondent, v. WILLIAM HOLMES, Appellant.

CRIMINAL LAW—TIME FOR FILING INFORMATION—NEW INFORMATION BY LEAVE OF COURT—CURE OF DEFECTS—CONSTRUCTION OF PENAL CODE.—Where a first information was filed within the thirty days after commitment by the examining magistrate as required in section 1382 of the Penal Code, that section has no application to a new information for the same offense filed by leave of the court, to cure defects in the original.

Id.—Motion to Dismiss New Information—Presumption as to Preliminary Examination—New Examination not Required.—For the purpose of a motion to dismiss the new information under section 1382 of the Penal Code, it must be presumed to be based upon the original preliminary examination. No new preliminary examination is necessary.

Id.—Failure to Bring Cause to Trial Within Sixty Days—Excuse for Delay—"Good Cause to Contrary."—Regardless of whether a motion to dismiss the cause for failure to bring it on for trial within sixty days after the filing of the information be based upon the filing of the new information or of the original information, it was properly denied, where the affidavit filed and showing made by the district attorney, in excuse for the delay, showed "good cause to the contrary," within section 1380 of the Penal Code.

Id.—Objection to Time of Trial not Shown by Record—Presumed Consent.—It is to be presumed that the time set for the trial was consented to where the record upon appeal shows that the defendant and his counsel were present in court when it ordered the cause set for trial on a date more than sixty days after the filing of the information, but fails to show that defendant or his counsel objected to such order.

Id.—Embezzlement of Notes and Mortgage—Requested Instructions—Belief in Right of Transfer—Claim "in Good Faith" Lacking.—Upon the trial of a charge of embezzlement of notes and a mortgage executed to defendant by a third party and intrusted to his possession for a specific purpose, and appropriated to his own use in violation of the trust, requested instructions that "if the evidence shows that defendant sold and transferred all his right, title and interest in and to the notes and mortgage, openly and avowedly, the defendant believing that he had the right so to do, you should acquit the defendant," and that "if the evidence shows the defendant believed the notes and mortgage was a part of a partnership fund belonging to defendant and the maker, you should acquit the defendant," were both properly refused, as failing to include in either the essential element of "a claim of title preferred in good faith" required by section 511 of the Penal Code.

Id.—Absence of Evidence Showing "Good Faith" or "Belief of Ownership"—Want of Consideration—Trust for Purchase not Made.—Where it appears that the notes and mortgage were deposited with defendant in trust to secure the purchase of one or more rooming-houses for the maker, and no right of defendant therein could ripen until such purchase was made and secured, and no such purchase was ever made or attempted, and the notes and mortgage were otherwise wholly without consideration, and when they were converted to defendant's use, he immediately left the state, there is no evidence upon which either "good faith," or

"belief of ownership" could be predicated, even if the instructions requested were within the letter of section 511 of the Penal Code.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

S. G. Barker, Charles E. Williams, and G. M. Spicer, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

TAGGART, J.—Defendant was informed against for the crime of embezzlement charged to have been committed in the county of Los Angeles on March 5, 1909, by appropriating and converting to his own use three promissory notes of the value of $150 each and a mortgage for $450 executed to him by one Nellie Messinger and which had been intrusted to his control and possession.   An information was filed July 17, 1909, on which defendant was arraigned and to which he filed a demurrer which was overruled; and thereafter he entered a plea of not guilty and the trial of the cause was set for September 20, 1909.   August 10, 1909, a new information was filed by order of the court, on which defendant was arraigned and given until August 18, 1909, to plead.   On that day, and before entering a plea, he made a motion to set aside the information on the ground that he had not been legally committed by a magistrate, and also a motion to dismiss the action because the new information had not been filed within thirty days after he had been held to answer.   Both of these motions were denied; whereupon he filed a demurrer to the new information, which being overruled, he entered a plea of not guilty to the charge contained in the new information, and thereupon, by consent of defendant, the trial of the cause was set for September 17, 1909. In the minutes of the court for September 17, 1909, appears the following order: "The District Attorney with the defendant and his counsel being present in court, and this being time set for trial of this cause, and the time of the

court being occupied with other matters, trial of this cause is set for September 27, 1909, at 10 a. m.'' On September 27th defendant filed a motion to dismiss the prosecution of the action on the ground that the cause had not been brought on for trial within sixty days after the filing of the information. Leave and time were given to the district attorney to file affidavits excusing the delay in bringing the cause to trial, and to the defendant to file counter-affidavits if he desired. No showing other than the record was made by the latter, but the attorney in charge of the cause filed his own affidavit setting out the foregoing matters, the accumulation of business in the criminal courts and the conditions of the calendar and facts tending to show that it was not possible to bring the cause to trial at an earlier date. The motion was overruled and the cause proceeded to trial and the defendant was found guilty as charged. After his motions for a new trial and in arrest of judgment were overruled, he was sentenced to imprisonment in the state's prison for five years, the defendant appealing from the judgment in open court.

The rulings of the trial court upon all the foregoing motions made by defendant were excepted to and are assigned as error for review on this appeal. Only the two motions to dismiss the prosecution, made under the provisions of section 1382 of the Penal Code, however, are specially presented, and the only authority cited in support of appellant's contention in respect to these is the section itself. Defendant also assigns as error the refusal of the trial court to give to the jury two certain instructions requested by him. The first of these reads as follows: ''You are instructed that, if the evidence shows that the defendant sold, assigned and transferred all his right, title and interest, in and to the notes and mortgage, openly and avowedly, the defendant believing he had the right so to do, that you should acquit the defendant.'' The second as follows: ''You are instructed that if the evidence shows that the defendant believed the notes and mortgage was a part of a copartnership fund belonging to the defendant and Mrs. Messinger, that you should acquit the defendant.''

The motion to dismiss a prosecution because the information has not been filed within thirty days after the defendant

is held, which may be made under section 1382 of the Penal Code, is but a penalty prescribed for a violation of section 809 of the code, which requires the district attorney to file the information within thirty days after examination and commitment by the magistrate, but this section has nothing to do with the time within which a new information may be filed. (*People* v. *Lee Look,* 143 Cal. 216, 221, [76 Pac. 1028].) The first information was filed in this cause before the expiration of the thirty days, and the new information was for the same offense, giving a more complete statement of the facts, for the purpose of supplying a defect in the original. The latter was filed upon the order of the court, and, for the purpose of this motion, must be presumed to be based upon the examination before the preliminary magistrate. No new preliminary examination is necessary. (*Ex parte Nicholas,* 91 Cal. 643, [28 Pac. 47].)

In presenting the motion to dismiss because the cause was not brought on for trial within sixty days after the filing of the information, the date of the filing of the original information is relied upon by appellant, instead of the date of the filing of the information upon which the trial was had. If it be conceded that the date of the filing of the original information is the one which should be considered in connection with this motion, the motion was, nevertheless, properly denied. The affidavit filed and showing made by the district attorney in excuse of the delay was sufficient to justify the court in denying the motion, as the matter in the affidavit showed "good cause to the contrary." (Pen. Code, sec. 1382; *People* v. *Moran,* 144 Cal. 48, 56, [77 Pac. 777].) In addition to this, it does not appear from the record that the defendant objected to the setting of the cause for trial on a date more than sixty days after the filing of the information, he and his counsel being present in court at the time when the case was set for trial on September 27, 1909. (*People* v. *Douglass,* 100 Cal. 1, 4, [34 Pac. 490].)

The first instruction refused by the court was no doubt an attempt to state the law covered by section 511 of the Penal Code: "Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred

in good faith, even though such claim is untenable." The instruction fails to include the transactions intended to be covered by section 511. It contains no element of claim of title in good faith by the defendant, but informed the jury that if defendant transferred *his* interest in the notes and mortgage, believing that he had the right to transfer *his* interest therein, he should be acquitted. Section 511 is predicated upon an avowed claim in good faith of the entire title to the property appropriated. We think, also, there is an absence of any express claim upon the part of defendant that he in good faith owned the notes and mortgage at the time he converted them to his own use, and of evidence from which a reasonable inference to this effect could be drawn.

The second instruction was only another way of stating the same legal proposition attempted to be covered by the first, but limiting the claim of title to a special or copartnership right in the property. There is the same failure to include the essential element of claim of title preferred in good faith which is apparent in the first instruction. Whether we accept the theory of the prosecution that the deposit of the notes and mortgage with defendant related to the purchase of only one rooming-house, or that of the defendant that it also included the purchase of others or another, the only reasonable inference to be drawn from the evidence is that the defendant's right to the notes and mortgage did not ripen until the rooming-house or houses had been purchased, and that he merely held them in trust as an earnest of the complaining witness' good faith that she would become a partner when the purchase or purchases were completed, and this contingency never occurred.

There is no evidence that defendant ever gave anything as a consideration for the notes and mortgage; he never made any purchases of any rooming-house, and, according to the uncontradicted evidence of the witness best qualified to say, he never even had an option on the property in connection with which he claimed the right to use the complaining witness' notes. He made no effort to close up any of the transactions upon which his right to the notes depended, and as soon as he converted the property which he is charged with embezzling he immediately left the state. We are un-

able to see any evidence upon which good faith and belief of ownership could have been predicated, if either of the instructions had been within the letter of section 511.

No cause for a reversal being presented, the judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.