THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JUAN ORTIZ, Defendant and Appellant.

No. 6465. Argued March 19, 1937.—Decided April 27, 1937.

*Pedro E. Anglade* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Ortiz was charged with a violation of the provisions of the Act to regulate the use of motor vehicles on the public roads of Puerto Rico by carrying in truck H.P. 198 an excess load of five thousand one hundred and ninety pounds.

Upon being tried and convicted by the municipal court, he appealed to the district court, where he presented a motion to dismiss the prosecution which was denied, and a trial *de novo* was held as provided by law. He was found guilty and sentenced to pay a fine of $50. He appealed to this court.

In his brief he has assigned three errors, the first one committed, as he claims, by the court in overruling his motion to dismiss the prosecution.

Said motion, dated September 8, 1936, was based on the ground that although the accused had been convicted by the municipal court on April 28, 1936, and he had appealed on the same day, the trial *de novo* in the district court was set for September 9 following, the intervening period between both dates being longer than the one hundred and twenty days fixed by law.

The district attorney objected, evidence was offered concerning the setting, and the court considering that there was just cause for the expiration of the one hundred and twenty days without a trial being held, denied the dismissal.

Let us examine the evidence. It shows that the record was filed in the district court on May 6, 1936, this being the date from which the period of one hundred and twenty days fixed by subdivision 2 of section 448 of the Code of Criminal Procedure must be computed and not from April 28. The court was in vacation during July and August and resumed sittings on September 2, on which date a series of appeals from municipal courts, among which was the one of Juan Ortiz, were begun to be heard.

A simple arithmetical operation permits the conclusion that the period of one hundred and twenty days expired on September 3, and hence that it had already expired when the trial was held. Could defendant, however, invoke his right when he did, that is, on September 8, a day before the trial, in spite of the setting made since August 7 previous, in accordance with the summons which the clerk of the district court had before him when he testified?

In our judgment he could not. A simple motion on his part claiming his right, if presented immediately after being summoned, would have permitted the court to advance to September 2 the setting inadvertently made by the clerk of the court for the 9th of the same month. The right in question may be waived expressly or impliedly, and the conduct of the accused in this case constitutes an implied waiver.

In the case of *People* v. *Holmes*, from California, reported in 109 Pac. 489, it was held that—

"Where accused and his counsel were present in court at the time the case was set for trial, and no objection was made to the setting of the case for trial on a date more than 60 days after the filing of the information, the court properly refused to dismiss the prosecution under Pen. Code, sec. 1382, for failure to bring accused to trial within 60 days."

In virtue thereof and without going into the other grounds on which the court refused the dismissal sought, its decision is supported in our judgment by the doctrine above set forth. The first error assigned is nonexistent.

■ The second error claimed to have been committed by the court in overruling the demurrer of the accused and in holding that the complaint charged him with the commission of a public offense, was not committed either.

The basis of the demurrer was that, as it had been alleged in the complaint that the offense was committed at Morse Street of Arroyo, no offense was charged because the right to regulate the use of the streets was in the municipality.

Section 18 of Act No. 75 of 1916 (Session Laws, p. 140), as amended by Act No. 9 of 1926 (Session Laws, p. 22), provides:

"Section 18.—Any person, firm, partnership or corporation who itself or through its agent, transports on heavy motor vehicles or on commercial vehicles a load greater than that authorized hereby, shall be fined fifty (50) dollars for the first violation, one hundred (100) dollars for the second, and in case of a third violation the license to operate the vehicle shall be revoked. The license of any chauffeur operating a heavy motor vehicle or commercial automobile on the public roads, with a load greater than that authorized hereby, or at a rate of speed greater than provided in this Act, or lacking the speed regulator required by paragraph (c) section 13 hereof, shall be suspended for one month for the first violation, six months for the second and finally revoked on a third violation. The violations of other provisions of this Act shall be deemed to be misdemeanors."

Section 9 of the same act, subdivision (c), as amended by Act No. 9 of 1926 (Session Laws, p. 22) provides:

"Section 9.—(c) The proportion between the tires and the weight of the loaded vehicle, in the case of heavy motor vehicles, shall be determined in the following manner: The width of the front and rear tires of any heavy motor vehicle or traction engine shall be such that the pressure for each inch of diameter and for each inch of width of tire, shall not be more than sixteen pounds. No motor vehicle the weight of which exceeds five and one-half tons unloaded

or ten tons loaded shall be allowed on the public roads, except such heavy motor vehicles as prior to the approval of this Act shall have obtained a license according to law; *Provided,* That the Commissioner of the Interior may issue special licenses to motor vehicles the weight of which exceed ten tons when loaded and does not exceed fourteen tons, to operate solely on such first-class roads as in his judgment can withstand such traffic. In issuing said special licenses the Commissioner of the Interior shall collect the fees in accordance with section 10 of this Act.''

A ''public highway'' is defined by the Legislature, in said Act of 1916, p. 140, thus:

'' 'Public highway' shall mean any road, insular or municipal, or any street or alley of any municipality.''

The above citations and that of the case of *Municipality* v. *Comm. of Health,* 50 P.R.R. 789, would be sufficient to conclude that the law validly applies to roads as well as to streets; but there is still more in the instant case, since Morse Street of Arroyo became part of Insular Road No. 3, on June 30, 1930, in accordance with Act No. 49 of 1917 (Session Laws (II), p. 356), and the plan of roads and highways of the Island, prepared by the Department of the Interior.

The third assignment is that the court erred in holding that the evidence of the prosecution was sufficient. We do not agree. We have examined it and, in our judgment, it supports the judgment of conviction rendered.

The judgment appealed from must be affirmed.