[Crim. No. 606.   First Appellate District.—September 3, 1915.]

## THE PEOPLE, Respondent, v. LOUIS HART, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—CONSTRUCTION OF SECTIONS 503–514, PENAL CODE.—Section 510 of the Penal Code is not intended to be exclusive in its definition of what evidences of debt may be the subject of embezzlement; the several sections of the Penal Code from section 503 to section 514 deal with the subject of the fraudulent appropration of property by a trustee, agent, or bailee, and these are to be read in connection with the definition of property found in subdivision 12 of section 7 of the Penal Code.

ID.—UNLAWFUL ATTEMPT TO DISPOSE OF CHECKS—SUFFICIENCY OF INFORMATION.—An information charging the defendant with embezzlement of two checks which were issued to the prosecuting witness and payable to his order when countersigned by him, which checks, without being countersigned by the payee, were intrusted to the keeping of the defendant, who attempted to dispose of them by having some other person than the payee countersign them in the latter's name, is not insufficient because it shows upon its face that the checks were not payable by the user until the signature of the payee was countersigned upon them.

ID.—EVIDENCE—DEPOSITION ON PRELIMINARY EXAMINATION—ADMISSIBILITY OF.—In such a case it was not error to admit in evidence the deposition of the complaining witness taken at the preliminary examination, on the ground that the defendant had been arraigned before the magistrate upon a charge of grand larceny, upon which examination the deposition was given, but at the close of the hear-

ing the magistrate held the defendant to answer upon the charge of embezzlement.

ID.—INSTRUCTIONS—SUFFICIENCY OF.—In this prosecution for embezzlement it is held that upon a reading of the entire body of the court's instructions there was no prejudicial error in them.

ID.—ATTEMPT TO COMMIT EMBEZZLEMENT—SECTION 1159, PENAL CODE. The contention that there is no such crime as an attempt to commit embezzlement cannot be maintained; and such a case comes within the provisions of section 1159 of the Penal Code.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge presiding.

The facts are stated in the opinion of the court.

Fred W. Moore, Jr., for Appellant.

U. S. Webb, Attorney-General, and Frank L. Guerena, for Respondent.

RICHARDS, J.—This is an appeal from a judgment of conviction of the defendant of an attempt to commit felony embezzlement, and from an order denying a new trial.

The information charged the defendant with the embezzlement of two Wells Fargo checks to the value of seventy dollars, which were issued to the prosecuting witness Thomas Pulley, and were payable to his order when countersigned by him. Without having countersigned these checks, Pulley had intrusted them to the keeping of the defendant, whose offense appears to have consisted in attempting to dispose of them by having some other person than Pulley countersign them in Pulley's name.

The appellant's first contention is that the information is insufficient for the reason that it shows upon its face that these checks were not payable by the issuer until the signature of the payee was countersigned upon them, and were therefore, as the appellant argues, valueless, and hence not the subject of embezzlement. In making this contention the appellant relies upon the wording of section 510 of the Penal Code, which reads as follows: "Any evidence of debt, negotiable by delivery only, and actually executed, is the subject of embezzlement, whether it has been delivered or issued as a valid instrument or not." But in our opinion this section of the Penal Code was not intended to be exclusive in its defini-

tion of what evidences of debt might be the subject of embezzlement. The several sections of the Penal Code from section 503 to section 514 deal with the subject of the fraudulent appropriation of property by a trustee, agent, or bailee; and these are to be read in connection with the definition of property found in subdivision 12 of section 7 of the Penal Code. It cannot be seriously disputed that these checks were property in the hands of their payee and were of the face value of seventy dollars to him or any other person who could successfully counterfeit his signature. This being so, we think the information sufficient under the provisions of the sections of the Penal Code above referred to, and upon the authority of *People* v. *Phelps,* 49 How. Pr. (N. Y.) 437.

The next contention of the appellant is that the court erred in admitting in evidence the declaration of Thomas Pulley taken at the preliminary examination. The defendant's objection to the admission of the deposition in question was that the defendant had been arraigned before the magistrate upon a charge of grand larceny, and that said deposition was given upon the examination of that charge and not upon any examination of the offense of embezzlement, although it is conceded that at the close of such hearing the magistrate held the defendant to answer upon the latter charge. The defendant's contention in this regard is set at rest by the decision of the supreme court of this state in the case of *People* v. *Nicholas,* 91 Cal. 640, [28 Pac. 47], wherein every argument educed by the appellant in this case is considered and disposed of by the court adversely to his views.

It is the further contention of the appellant that the court erred in a number of its instructions to the jury; but it will suffice to say that upon a reading of the entire body of the court's instructions we perceive no prejudicial error therein.

The final contention of the appellant is that there is no such offense as attempt to commit felony embezzlement, of which the defendant was found guilty; but this contention appears to us to be without merit. The evidence shows that the defendant was intrusted with the possession and safekeeping of these checks by their payee; and that while thus in his possession he sought to dispose of them for his own use and benefit, and actually endeavored to induce another person to indorse the name of the payee upon them in order that he might do so. Had he succeeded in this design he doubtless would

28 Cal. App.—22

have consummated the offense of embezzlement with which he was charged. We disagree with the appellant in the view that there could be no such crime as an attempt to commit embezzlement; and we think that the acts of the defendant in the course of his endeavor to cash these checks bring his case within the provisions of section 1159 of the Penal Code.

This disposes of the several points presented by the defendant upon this appeal.

Judgment and order affirmed.

Lennon, P. J., and Kerrigan, J., concurred.