[Crim. No. 1190.   First Appellate District, Division Two.—February
20, 1925.].

# THE PEOPLE, Respondent, v. ABRAHAM L. COHEN, Appellant.

[1] CRIMINAL LAW — TRAVELER'S CHECKS EXECUTED IN BLANK — AB-
SENCE OF SIGNATURE OR COUNTER-SIGNATURE BY HOLDER—EM-
BEZZLEMENT.—An employee of a bank is guilty of embezzlement
of traveler's checks delivered by an express company to the
bank where the checks, before the appropriation thereof by said
employee, are in form checks executed in blank by the express
company, and are not signed or countersigned by any holder;
and the fact that the blanks in said checks are thereafter filled
in by said employee in a false manner does not change the
crime committed.

[2] ID.—PLEADING — UNINCORPORATED ASSOCIATION — LAWS OF SISTER
STATE — PRESUMPTIONS. — In a prosecution for embezzlement of
traveler's checks which the indictment alleged were the personal
property of an express company, "an unincorporated association
of more than seven persons organized and existing under the laws
of" a sister state, in the absence of evidence of the laws of
said sister state, it will be presumed that the laws of said sister
state are the same as the laws of this state.

[3] ID. — UNINCORPORATED ORGANIZATION — WRITTEN ARTICLES — PRE-
SUMPTIONS.—If an organization is not incorporated, it cannot be
assumed in the absence of proof to the contrary that it has
written articles of association, or partnership, or otherwise.

[4] ID.—PLEADING—TITLE — CHARACTER OF ORGANIZATION — SURPLUS-
AGE.—In such prosecution, where the indictment, in addition to the
allegation that the traveler's checks were the personal property
of the express company, alleged a special ownership in a bank
by averring that said personal property was then and there held
by said bank in trust for said express company, the allegation of
general ownership in the express company may be treated as sur-
plusage, as the pleader was not bound to plead both a general

1.   Check as subject of larceny or embezzlement, note, 42 L. R. A.
(N. S.) 498.   See, also, 10 Cal. Jur. 245.

2.   Presumption of similarity of foreign statutes to those of
forum, note, 1 Ann. Cas. 459.   See, also, 10 R. C. L. 891; 5 Cal. Jur.
431.

4.   Sufficiency of allegations of indictment for embezzlement as
to ownership by private corporation, company, association or
society, note, 18 Ann. Cas. 343.   See, also, 10 Cal. Jur. 246.

ownership and special ownership, and conceding that there was a failure of proof as to the capacity of the express company, the defendant was not injured by that fact.

[5] ID.—CHARACTER OF ORGANIZATION—ORAL EVIDENCE.—In such prosecution, conceding that the express company was an organization purporting to be organized under a statute of a sister state and that it was an organization similar to a nonstock corporation as known in this state, and that it had, or should have had, articles of incorporation, the defendant's contention that oral evidence of the character of the organization was not the best evidence was without merit because the case on trial did not present a controversy between the parties who had signed the articles of incorporation.

[6] ID.—CORPORATION DE FACTO—ORAL EVIDENCE.—In such prosecution, oral evidence for the purpose of showing that the express company was a corporation de facto would be admissible.

[7] ID.—RELEVANCY AND COMPETENCY OF TESTIMONY AS TO CHARACTER OF ORGANIZATION.—In such prosecution, the testimony of a witness that the express company had conducted its business during a stated period of time in this state as an unincorporated association consisting of more than seven persons organized under the laws of a sister state was competent, relevant, and material as tending to prove that the express company was a de facto corporation organized as a nonstock company, or, if it be the fact, that the express company was a fictitious name under which seven or more persons transacted business.

[8] ID.—NAMES OF MEMBERS OF ASSOCIATION—PLEADING—EVIDENCE.—In such prosecution, it was not necessary for the pleader to plead the names of the persons comprising the association called the express company, nor was the prosecution bound to introduce proof as to the names of the members of the association.

---

(1) 20 C. J., p. 415, n. 39.   (2) 12 C. J., p. 200, n. 79.   (3) 5 C. J., p. 1341, n. 54.   (4) 20 C. J., p. 166, n. 10.   (5) 16 C. J., p. 614, n. 40.   (6) 14 C. J., p. 165, n. 99.   (7) 20 C. J., p. 484, n. 44.   (8) 20 C. J., p. 467, n. 27.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Harold Louderback, Judge. Affirmed.

The facts are stated in the opinion of the court.

Russell P. Tyler, Anthony Caminetti and Albert T. Roche for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was indicted on a charge of embezzlement. From an order denying him a new trial and from a judgment of conviction he has appealed.

[1] The first point which he calls to our attention and which he contends was a reversible error is this: he claims that the properties which it was alleged he embezzled were of such a nature and in such form that they amounted to mere scraps of paper and had no value. That contention is based on these facts:

On the twenty-seventh day of February, 1922, the defendant was a clerk, agent, or servant of the Bank of Italy, a corporation organized and existing under the laws of the state of California. On that date there came into his possession, care, custody, and control certain indentures of various different numbers, some for the face value of $100, others for $50, others for $20 and still others in the sum of $10, and all aggregating the sum of $3,000. For all the purposes of this case the form of each instrument, except as to the number, the date and place of cashing, and the person to whom paid, was at the time of the trial as follows:

"When countersigned below with      Before cashing write here
    this signature                          city and date
      Lewis Luce                         ———————— 19—
                    American Express Company
                       at its paying agencies
Pay this Cheque from our
Balance to the order of Weber & Heilbroner               $100.00
                    42nd St. & Madison Ave.
One Hundred Dollars
Countersigned here in presence of
        person cashing
Lewis Luce                          JAS. F. FARGO Treasurer."

When the American Express Company delivered the indentures to the Bank of Italy no one of them was signed or countersigned, Lewis Luce, or otherwise. Neither was the name of the payee inserted, nor was anything inserted in the blank at the top for the date and place of cashing. In all other respects the indenture was in the form as hereinabove set out.

71 Cal. App.—24

It will be observed that one of the checks was susceptible of having the blanks filled in by a holder, rightfully or wrongfully, and thereupon the instrument would become on its face the check of the American Express Company. Ordinarily the signature at the top would be inserted at the time the check was issued by the bank or other agency having authority to issue the same. Nevertheless such blank could be filled in (if perchance the instrument came into his possession) by anyone at any time. It was the theory of the prosecution that the name "Lewis Luce" was inserted in each place by the defendant, and that the name is a fictitious name. The appellant contends that because an additional crime had to be committed before one of the checks could properly be cashed that then and for that reason the appropriation by the appellant of the checks before they were signed or countersigned did not constitute embezzlement. However, a most cursory reading of the checks before the appropriation thereof discloses that they were in form checks executed in blank. Because the blanks thereof were filled in by a wrongdoer in a false manner does not alter the main fact. "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." (Pen. Code, sec. 503.) "Any evidence of debt, negotiable by delivery only, and actually executed, is the subject of embezzlement, whether it has been delivered or issued as a valuable instrument or not." (Pen. Code, sec. 510.) "Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled; and where the property embezzled is an evidence of debt or right of action, the sum due upon it or secured to be paid by it must be taken as its value; . . . " (Pen. Code, sec. 514.) "The word 'property' includes both real and personal property." (Pen. Code, sec. 7, subd. 10.) "The words 'personal property' includes . . . evidences of debt." (Pen. Code, sec. 7, subd. 12.) "Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another." (Pen. Code, sec. 484.) It is settled law in California that a check is an evidence of debt that may be sued on. (*Nassano* v. *Tuolumne County Bank,* 20 Cal. App. 603 [130 Pac. 29].) There is nothing in the point

that at the time the checks were taken from the Bank of Italy they had not been signed nor countersigned. In a case almost parallel in its facts it was so held. (*People* v. *Hart,* 28 Cal. App. 335 [152 Pac. 947].) In other jurisdictions which have similar statutory provisions to those cited above the same ruling obtains. (36 C. J., p. 744, sec. 27; *Roberts* v. *State,* 181 Ind. 520 [104 N. E. 970]; *Fulshear* v. *State,* 59 Tex. Cr. 376 [128 S. W. 134]; *State* v. *McClellan,* 82 Vt. 361 [23 L. R. A. (N. S.) 1063, 73 Atl. 993].) In the case last cited, at page 1065 [23 L. R. A. (N. S.), the supreme court of Vermont says: "The respondent argues that the value of stolen property is to be determined by its condition when taken; that a check payable to order is an incomplete instrument as long as it remains unindorsed; that no one could have drawn the money on the check in question—not even the payee—and that consequently it was only of nominal value. . . . The holder of a paper thus transferred can enforce his right, by a suit in equity in his own name or by a suit at law in the name of the payee. All these considerations point to the conclusion that this check as it existed at the time of the taking was of substantial, and not nominal, value. Moreover, the law treats it as something more than a paper of nominal value in the hands of the wrong giver. If the respondent were sued for it in trover, he could not say that its value was merely nominal. He would be held for its actual value to the lawful owner which *prima facie* would be the amount due on it. . . . "

The second point made by the appellant is that the evidence introduced was incompetent and insufficient to prove the incorporation of American Express Company. To understand the importance of that contention it is necessary to state the charge in the indictment. That pleading contained the following allegations: " . . . The said Abraham L. Cohen on or about the 27th day of February, A. D. 1922, at the city and county of San Francisco, State of California, was the clerk, agent and servant of the Bank of Italy, a corporation, then and there and at all times herein referred to organized and existing under and by virtue of the laws of the state of California and then and there, to-wit, on or about the 27th day of February, 1922, in said city and county of San Francisco, there came into the possession,

care, custody and control of him, the said Abraham L. Cohen, American Express Company's Traveler's Cheques . . . all of the value of $3000 in gold coin of the United States the personal property of the American Express Company, an unincorporated association of more than seven persons organized and existing under the laws of the State of New York, which said personal property was then and there held by said Bank of Italy in trust for said American Express Company and he . . . , '' etc. In the first place, it will be noted that it is alleged that the American Express Company is not incorporated, but that it is organized and existing under the laws of the state of New York. The laws of that state were not introduced in evidence. [2] In the absence of such evidence it will be presumed that the laws of New York are the same as the laws of California. [3] If an organization is not incorporated we cannot assume in the absence of proof to the contrary that it has written articles of association, or partnership, or otherwise. [4] In the second place it will be noted that the indictment pleaded a general ownership in the American Express company and a special ownership in the Bank of Italy. It may be conceded that the pleader was bound to plead facts showing the general ownership or special ownership. The pleader was not bound to plead both ways. As to the special ownership in the Bank of Italy, the record presents no point whatever. The allegation of general ownership in the American Express Company can therefore be treated as surplusage. So treating it we may concede that there was a failure of proof as to the capacity of the American Express Company, and notwithstanding that fact the appellant has not been injured.

In the third place the evidence objected to was given by F. G. Athearn, Esq. That witness testified that he had been practicing law in San Francisco since 1912, and that the American Express Company, to his knowledge, had been doing business in the state of California since 1913 or 1914; and that it had so conducted business during the time mentioned as an unincorporated association consisting of more than seven persons organized under the laws of the state of New York. To each question the appellant objected and afterward moved to strike out the testimony. The appellant contended that oral testimony was not the best evidence.

[5] Conceding for the moment that the American Express Company is an organization purporting to be organized under a statute of New York and that it is an organization similar to a nonstock corporation as known in California, and that it has, or should have, articles of incorporation, the appellant's contention is without merit because the case on trial did not present a controversy between the parties who had signed the articles of incorporation. (*Bituminized B. & T. Co.* v. *Simons Brick Co.*, 183 Cal. 687, 693 [192 Pac. 528].) [6] Again, if the objection on the ground stated were good then oral evidence would not be admissible to show that the American Express Company is a corporation *de facto*. But the contrary is the rule. (*People* v. *Oldham*, 111 Cal. 648 [44 Pac. 312].) Further objecting to the evidence given by the witness the appellant contended that the evidence was incompetent, irrelevant, and immaterial. [7] But it was competent, relevant, and material as tending to prove that the American Express Company was a *de facto* corporation organized as a nonstock company or, if it be the fact, that the American Express Company is a fictitious name under which seven or more persons transact business. The trial court therefore did not err in overruling the objection or in denying the motion to strike out.

[8] Moreover, it is settled law in this state that it was not necessary for the pleader to plead the names of the persons comprising the association called American Express Company, nor was the prosecution bound to introduce proof as to the names of the members of the association. (*People* v. *Mahlman*, 82 Cal. 585 [23 Pac. 145].)

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 20, 1925.