[Civ. No. 17701. Second Dist., Div. Three. Dec. 18, 1950.]

PHILIP T. BRODER, Respondent, v. JACK E. EPSTEIN et al., Defendants; HERMAN SWEET, Appellant.

Herbert J. Beck and Morton B. Harper for Appellant.

Greenbaum, Wolfe & Baker and Benjamin Wolfe for Respondent.

VALLÉE, J.—Appeal by defendant Herman Sweet from a judgment for plaintiff in an action to recover the possession of personal property.

Plaintiff is engaged in the wholesale jewelry business. On April 8, 1948, he delivered several articles of jewelry to defendant Epstein. Upon receipt of the jewelry, Epstein signed and delivered to plaintiff an instrument which named Epstein as consignee, listed the jewelry, stated its value and, in printing below the list, said, "I agree not to sell or offer for sale, exchange or barter," the merchandise. Epstein's signature appeared under the list and partially over the printed matter.

On the same day, Epstein sold and delivered the jewelry to defendant Sweet. It was not returned to plaintiff. The court found that the written instrument "is clear, certain and is not ambiguous in its terms, and sets forth the understanding and agreement between the plaintiff and the defendant Epstein"; that plaintiff delivered the jewelry to Epstein pursuant to the written instrument; that Epstein did not pay Broder for the property; and that Broder is the owner and entitled to possession. Epstein defaulted. Judgment was against Epstein and Sweet. Sweet appeals. There was a dispute below as to whether the provision against selling and other printed matter was a part of the contract, but in the view we take of the case it is unnecessary to consider that problem.

One of appellant's points is that the court erred in striking testimony of Epstein as to a conversation he had with plaintiff at the time he (Epstein) signed the agreement. The conversation was admitted over the objection of plaintiff. The substance of the conversation, as testified to by Epstein, was that he asked plaintiff if he could sell any of the jewelry, and plaintiff said, "Yes"; he told plaintiff he would not sign under the printed matter and plaintiff told him it did not make any difference as long as he returned the articles he did not sell; he told plaintiff that in the event he sold any he would report on the amount and return the rest. On motion of plaintiff, this testimony of Epstein was stricken. The court, in its findings and judgment, relied solely on the written instrument.

The contract was between Broder and Epstein. The action is between Broder and Sweet. The learned trial judge, for the moment, seems to have been unmindful of the fact that Sweet was not a party to the contract. ▮ The rule that

parol evidence cannot be received to contradict or vary a written contract does not apply in an action between a party to a contract and a third party. (*Bituminized B. & T. Co.* v. *Simons Brick Co.*, 183 Cal. 687, 693 [192 P. 528].) Section 1856 of the Code of Civil Procedure says that when an agreement has been reduced to writing "there can be *between the parties and their representatives, or successors in interest,* no evidence of the terms of the agreement other than the contents of the writing." (Italics added.) Sweet was not a representative of Epstein or a successor in interest to Epstein's right under the contract. A stranger is at liberty to show that the written instrument does not disclose the full or true character of the relation between the contracting parties. And when a party to a contract is contending with a stranger, the former is equally free to show the true relation between himself and the one with whom he contracted. (*Luckie* v. *Diamond Coal Co.*, 41 Cal.App. 468, 478 [183 P. 178].)

Sweet contended below that Epstein had authority from plaintiff to sell the jewelry. Plaintiff and Epstein were the only persons present at the conversation which took place at the time the contract was entered into. The granting of plaintiff's motion was therefore prejudicial error. We, of course, do not pass on the weight of Epstein's testimony; we merely decide that it was admissible.

This conclusion makes it unnecessary to consider other points presented by appellant.

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.