[Civ. No. 24666.   Second Dist., Div. Two.   Nov. 29, 1960.]

MOTIF RECORDS CORPORATION (a Corporation), Appellant, v. ANDRE BRUMMER, Respondent.

Samuel M. Garroway, Paul L. Zimmerman and Van Lee Hood for Appellant.

Bernfeld & Cohen and Lee J. Cohen for Respondent.

HERNDON, J.—The appeal herein is taken by plaintiff and cross-defendant Motif Records Corporation from a judgment entered in favor of defendant and cross-complainant Brummer for $5,545.25. The amount of the judgment was arrived at by setting off certain sums found due to plaintiff from defendant and allowing credit therefor against the sum of $6,000 which Brummer successfully claimed under his cross-complaint.

The evidence discloses that about June 1956, Milton Vedder discussed with defendant the former's intentions of going into the recording business. Vedder was inexperienced in this business and, in getting started, sought out Brummer because of his experience. Following various preliminary negotiations, on August 7, 1956, Vedder, Brummer, Clarence D. Miller, Felix De Cola and Othmar Grimm entered into a written agreement providing, in part, that Vedder had caused plaintiff corporation to be organized and had advanced the necessary preliminary expenses therefor. It was provided that there could be issued and delivered to the contracting parties shares of the capital stock of such corporation in the following proportions: Vedder 51 per cent, Miller 22 per cent, Brummer 20 per cent, De Cola 5 per cent and Grimm 2 per cent. It was also recited that none of the parties, other than Vedder, had advanced or paid any sum for the issuance of said shares and it was provided that such shares be issued "for services performed and to be performed in the future by them for said corporation." The four individuals, other

than Vedder each agreed, upon receipt of said shares, to immediately deposit the same with an escrow holder with the understanding that if he remained in the employ of the corporation for a period of one year after deposit thereof and performed his services to the corporation in a manner satisfactory in all respects then said shares would be returned to such stockholder and should thereafter become his separate property. The shares were to be released to each of them only upon written authorization of Vedder and none were to be sold at any time without first offering such shares to Vedder for his purchase. The evidence discloses that Vedder never thereafter approved the release of any of said shares to Brummer.

By his cross-complaint Brummer alleged that he was subsequently employed by plaintiff corporation under an oral agreement, for a weekly salary, in the capacity of vice-president in charge of artists and repertoire, which in the recording industry is known as an ''A and R man.'' The ''A and R man'' is one whose duties are to select the music, the artists who are to perform it, the orchestrators, staff conductor and the studio, and to supervise the quality of the work that goes into the recording resulting in a finished product ready for sale. He contends and introduced evidence to the effect that he was so employed for an agreed compensation of $250 per week; that he rendered such services to plaintiff for 24 weeks and that the total sum of $6,000 remains due and unpaid to him therefor.

Plaintiff denies any such oral agreement and contends that the court below erred in admitting parol testimony of Brummer and his witnesses to vary the terms and provisions of said written agreement of August 7, 1956, between Vedder, Brummer and the others. It is the further contention of plaintiff that by said written agreement the potential acquisition of stock by Brummer from Vedder was the total and exclusive compensation he was to receive for any and all services performed or to be performed in the future by him for plaintiff corporation.

It was conceded by plaintiff, however, that it did pay Brummer additional compensation for his services other than as set forth in said written agreement in that it paid $1,800 to Brummer, under an oral agreement with him, as compensation for services performed for plaintiff in the capacity of an arranger and conductor.

The issues presented on this appeal are:

1. Whether the trial court erred in allowing parol testimony to be introduced on behalf of defendant to show the existence of an oral agreement between Brummer and plaintiff corporation providing for additional compensation to defendant for services rendered to plaintiff in the capacity of an A and R man in charge of artists and repertoire.

2. Whether or not that portion of the trial court's finding which provided that the terms of the agreement of August 7, 1956, "did not refer to, did not cover and were not intended to cover the services rendered by defendant to plaintiff as artists and repertoire man nor as director, arranger or orchestrator" was supported by any substantial evidence.

We have concluded that under the situation here shown the trial court properly received the parol evidence concerning such independent, oral agreement and that the findings of the court are fully supported by the record herein.

Plaintiff contends that the said written agreement of August 7, 1956, is conclusive in its terms as to all future compensation to be paid to or received by defendant for any and all services which he was to render the plaintiff; that the provisions of such writing are certain and unambiguous and, under the limitations of section 1856, Code of Civil Procedure, it was error for the trial court to receive extrinsic evidence offered for the purpose of explaining a claimed ambiguity therein or to determine the intention of the parties as to what was meant by the provision "services . . . to be performed in the future . . ."

Brummer contends, however, that the claimed oral agreement employing him as vice-president of the plaintiff in charge of artists and repertoire was a separate and independent agreement of employment between plaintiff corporation and him to which Vedder was not a party, whereas the written agreement was with Vedder to the exclusion of plaintiff. Therefore, he argues that the parol evidence rule is not applicable in a case where the parties to a written contract were not the same as to the separate oral agreement and that plaintiff corporation may not assert such rule where it was not a party to the written agreement. In support of this argument he cites *Broder* v. *Epstein,* 101 Cal.App.2d 197, 199 [225 P.2d 10]; *Penberthy* v. *Vahl,* 101 Cal.App.2d 1, 4 [224 P.2d 907]; *Pierce* v. *Nash,* 126 Cal.App.2d 606, 623 [272 P.2d 938]. Plaintiff in effect concedes the legal soundness of this position in certain instances but contends that, contrary to the implied

finding of the court, for all purposes in this litigation, Vedder and plaintiff corporation are essentially one and the same, each being the *alter ego* of the other.

For additional reasons, however, the court was fully justified in receiving evidence as to the circumstances surrounding the making of the written agreement between Vedder, defendant and the others and as to the then intentions of such parties as to the meaning of the disputed provisions thereof.

Plaintiff takes the inconsistent position that the possible future acquisition of a stock interest in a corporation was agreed to be the sole compensation for each and every future service to be rendered by defendant regardless of the character or extent of his employment by such corporation, while at the same time conceding that at the outset of defendant's employment by plaintiff an independent oral agreement was entered into between plaintiff and defendant whereby the latter was to receive as compensation for his services rendered plaintiff as an arranger and conductor such moneys as were prescribed by union scale for such services. For this employment defendant was paid a total of $1,800 by plaintiff. It is therefore clear from this conceded fact that it was not the intention of the parties to this litigation that the terms of the written agreement with Vedder were to be construed as limiting Brummer to a possible receipt of stock to the exclusion of monetary compensation for his services rendered, by way of employment, to plaintiff corporation.

The evidence further discloses that the three individuals other than Brummer who were parties to the written agreement of August 7 were given monetary compensation by plaintiff for services subsequently rendered by them, thus further establishing the intent of the parties herein that the right of such persons to be employed by plaintiff corporation and to be compensated for their services was not limited by the conditional promise of Vedder to give them shares of stock for future services to be rendered by them.

Under the circumstances here shown, the court was properly justified in receiving extraneous evidence for the purpose of resolving the uncertainty as to the meaning of the provisions of the written agreement in question and as to ascertain the intention of the parties with reference thereto. Under section 1641, Civil Code, the whole of the contract is to be taken together and, as an aid in discovering the intent of the parties to a contract, the court may look to the surrounding circumstances, including the object, nature and subject matter

of the writing and the preliminary negotiations.    (See Civ. Code, § 1647; Code Civ. Proc., § 1860.)

When a contract is ambiguous and uncertain, a construction given to it by the parties with knowledge of its terms, before any controversy has arisen as to its meaning, is entitled to great weight, and will, when reasonable, be adopted and enforced by the court, since such practical construction is the best evidence of the intention of the parties.    (*Crestview Cemetery Assn.* v. *Dieden,* 54 Cal.2d 744, 752-753 [8 Cal. Rptr. 427, 356 P.2d 171]; *Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 760, 761 [128 P.2d 665]; *Wells* v. *Wells,* 74 Cal.App.2d 449, 458 [169 P.2d 23].)

Measured by these established principles of interpretation, the record herein fully supports the finding of the court that the provisions of the written agreement of August 7, 1956, did not refer to or cover the separate oral agreements of employment between plaintiff and defendant for his services to such corporation as either director and arranger or as an A and R man in charge of artists and repertoire. Vedder himself testified that he told Brummer he was drawing the agreement so that Brummer and the others would receive stock in the corporation as an incentive for them to do good work for services performed or to be performed in the future by them. In light of the requirement imposed by Vedder that defendant and the others immediately deposit the shares in escrow, to be delivered to them after one year only by written authorization of Vedder following his conclusion that such shareholders had performed their services to the corporation in a manner satisfactory in all respects to Vedder, the court properly questioned whether in truth this conditional promise should be construed as a limitation upon the rights of defendant and the other parties to the agreement to receive monetary compensation for services rendered by them pursuant to their subsequent employment by plaintiff. The court was fully justified in concluding that such was not the intention or understanding of the parties hereto.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 25, 1961.